Filed 6/11/13  P. v. Navarro CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDY REUBEN NAVARRO,<br><br>        Defendant and Appellant. | A136130<br><br>(Lake County<br>Super. Ct. No. CR929471) |

Defendant Andy Reuben Navarro timely appealed from a judgment entered on his plea.  Because the trial court imposed a parole-revocation fine even though Navarro is not subject to parole, we order that the fine be stricken.  We also order that the abstract of judgment be amended to reflect the crime for which Navarro was convicted.  We otherwise affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Police arrested Navarro after his girlfriend reported that he kicked her in the face and threatened her with a knife in April 2012.  Navarro was charged by complaint with various crimes.  Under a plea agreement, he pleaded no contest to one count of assault by force likely to produce great bodily injury (former Pen. Code, § 245, subd. (a)(1),[1] now § 245, subd. (a)(4)), and the balance of the complaint against him was dismissed.  The

---

[1] All statutory references are to the Penal Code.

1

trial court sentenced him on June 26, 2012, to three years in prison, the maximum term contemplated by his plea agreement.

Without objection, the trial court also imposed various fines and fees, including a $720 parole-revocation restitution fine under section 1202.45, which was to be "stayed unless [Navarro's] parole is revoked." After addressing credits that Navarro would receive against his sentence, a question arose over whether Navarro's sentence would include a parole period. The trial court concluded that because assault by means of force likely to produce great bodily injury did not qualify as a serious felony (§ 1192.7, subd. (c)(1); *People v. Haykel* (2002) 96 Cal.App.4th 146, 148, 151), Navarro would not be released on parole. Instead, the trial court stated that "this would be a community supervision type of case," an apparent reference to the 2011 Realignment Legislation (Realignment Act). (Stats. 2011, ch. 15, § 1; e.g., §§ 17.5, 3451.) Although the court informed defendant that "it's not going to be a release on parole," it did not revisit the parole fine it previously had imposed.

Navarro timely appealed, and his counsel asked this court for an independent review of the record to determine whether there were any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) We asked the parties to brief whether the trial court was authorized to impose a restitution fine under section 1202.45 at the time of sentencing, even though Navarro's term did not include a parole period. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [sentencing error not waived even in the absence of objection where sentence is unauthorized].) The parties agree that the trial court erred in imposing the fine.

## II.
### DISCUSSION

*A. Navarro Not Subject to Parole Fine.*

At the time of sentencing, section 1202.45 required trial courts to impose a restitution fine in every case where a defendant's sentence included a parole period, but to suspend the fine unless parole was revoked. (Stats. 2007, ch. 302, § 15.) Under the Realignment Act, felons who have been convicted of certain crimes shall be sentenced to

prison, to be followed by postrelease community supervision instead of parole. (§§ 1170, subd. (h)(1) [defendant eligible for county jail where prison term not specified in underlying statute], 245, subd. (a)(4) [assault by force likely to cause great bodily harm punishable by imprisonment in state prison], 3451 [persons released from prison subject to postrelease community supervision except when convicted of certain crimes not applicable here].) Where a defendant's sentence under the Realignment Act is not subject to a parole period, the defendant is not subject to a parole-revocation restitution fine under section 1202.45. (*People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 6 [sentencing under Realignment Act]; see also *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [parole-revocation fine inapplicable where defendant sentenced to life without possibility of parole, because no possibility of defendant being released on parole].)

Section 1202.45 was amended after Navarro was sentenced to authorize trial courts to impose fines against defendants, like him, who are subject to postrelease community supervision instead of parole. (§ 1202.45, subd. (b); Stats. 2012, ch. 762, § 1.) As respondent concedes, Navarro was not subject to such a fine because the amendment did not take effect until after he was sentenced. We therefore order the trial court to strike the fine imposed under former section 1202.45.

*B. Correction to Abstract of Judgment.*

In reviewing the record, we discovered an unraised clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-188.) The probation report mistakenly stated that Navarro was convicted of assault with a deadly weapon. (Former § 245, subd. (a)(1).) His trial counsel noted the error during the sentencing hearing, and the trial court repeatedly confirmed that Navarro had in fact been convicted of assault by means of force likely to produce great bodily injury. The abstract of judgment, however, wrongly indicates that Navarro was convicted of "ASSAULT: DEADLY WEAPON." We order the abstract of judgment to be corrected to describe Navarro's conviction as being for assault by means of force likely to produce great bodily injury.

3

## III.
### DISPOSITION

The trial court is ordered to strike the $720 parole-revocation restitution fine imposed under former section 1202.45. Additionally, the abstract of judgment shall be modified to describe Navarro's conviction as being for assault by means of force likely to produce great bodily injury, and not assault with a deadly weapon. The trial court is directed to prepare an amended abstract of judgment. The judgment is otherwise affirmed.

_____

Humes, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.